OPINION
Appellant Brian D’Alfonso was indicted in United States District Court for the Eastexm District of Pennsylvania on 16 counts of mail fraud in violation of 18 U.S.C. § 1341, and 4 counts of the sale of unregistered securities in violation of 15 U.S.C. § 77e(a)(2). The indictment chax'ged that from June of 1998 through April of 2000, D’Alfonso opex'ated a scheme to defraud investors and to obtain money and property under false pretenses. On May 4, 2004, D’Alfonso pleaded guilty to the 16 counts of mail fraud. On February 1, 2005, he was sentenced to a tenn of imprisonment of 60 months on Count 1, and to 15 months of impi’isonment on each of Counts 2 through 16, to run concuxrently with each other and consecutive to Count 1. As part of his plea agreement, D’Alfonso agreed to waive his light to appeal and collaterally challenge his conviction and sentence. D’Alfonso appealed, but we granted the government’s motion to enforce the appellate waiver and dismissed the appeal (C.A. No. 05-1363).
On September 5, 2007, D’Alfonso filed a civil rights action under 42 U.S.C. § 1983 against Carmen DeClerico, an investigator for the Pennsylvania Securities Commission, and two individuals alleged to have acted as informants in his case, Eugene Carpino and Gabriel Santosusso. D’Alfonso alleged that these defendants violated his Fourth Amendment right to be fi’ee from warrantless seax’ches and his Fifth Amendment right to due px’ocess, and he alleged that DeClerico violated his Fourteenth Amendment right to equal protection by selectively prosecuting him. He asserted in the complaint that he hired Carpino and Santosusso in the Spring of 2000 to wox'k at his jewelry store, which was owned by his corporation, Tech-Vest. Carpino and Santosusso removed records containing information on Tech-vest’s investors, financial transactions, and stock transfers from the corporate offices, without a warrant or consent, pursuant to a conspiracy that involved DeClerico. Also in furtherance of the conspiracy, Carpino and Santosusso installed audio listening devices at the jewelry store and removed jewelry and money from the stoxe, -without a warrant or consent. Carpino and Santosusso went on to testify, on January 30, 2003, before a federal grand jury that was considering a pending indictment against D’Alfonso, and they provided incriminating evidence, which D’Alfonso alleges was untruthful. D’Alfonso later amended his complaint to include Elizabeth Ainslee, Esquire, as a defendant.
Just prior to initiating the civil rights action, on August 14, 2007, D’Alfonso filed a motion to vacate sentence under 28 U.S.C. § 2255 in the United States Distxict Coux't for the Eastern District of Pennsylvania, alleging ineffective assistance of trial counsel, Benjamin Cooper, Esquire, and prosecutorial misconduct. He claixned, in pax’t, that the prosecxxtors knowingly permitted perjury before the grand jury and failed to disclose that Carpino and Santosusso were convicted drug dealers and that one was a suspect in an unsolved homicide. The government moved to dismiss the section 2255 motion on the basis of the eollatex'al appeal waiver executed by D’Alfonso in connection with his plea agreement. On April 3, 2008, the sentencing coux’t held an evidentiary hearing on the claim that the plea agreement waiver was unknowing and involuntaxy.
*606 While the section 2255 motion proceedings were pending, DeClerico moved to dismiss D’Alfonso’s civil rights complaint on the following grounds: the claims were barred by the two-year statute of limitations applicable to claims under 42 U.S.C. § 1983, the Fourth and Fifth Amendment claims were barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Equal Protection claim could not survive Fed. R. Civ. Pro. 12(b)(6), and damages against DeClerico in his official capacity were barred by the Eleventh Amendment. Carpino also filed a motion to dismiss, raising Heck’s favorable termination rule and the statute of limitations defense. Santosusso did not respond to the complaint. D’Alfonso submitted opposition to the dismissal motions and sought a default against Santosusso.
In an order entered on April 17, 2008, the sentencing court dismissed D’Alfonso’s section 2255 motion, concluding that his waiver with respect to section 2255 proceedings was enforceable because it was knowing and voluntary. The sentencing court credited the testimony of attorney Cooper that he explained the terms of the plea agreement to D’Alfonso, including the waiver provision. The court did not credit D’Alfonso’s testimony to the contrary. D’Alfonso appealed. On September 17, 2008, we declined to issue a certificate of appealability, concluding that “jurists of reason would not debate the [sentencing court’s] conclusions that [D’Alfonso] knowingly and voluntarily waived his right to appeal and collaterally challenge his sentence ... and that enforcing the waiver does not result in a miscarriage of justice. Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); United States v. Khattak, 273 F.3d 557, 562-63 (3d Cir.2001).”
Meanwhile, in an order entered on June 2, 2008, the District Court, in the civil rights action, ordered the entry of a default with respect to Santosusso, a state prisoner, see Fed. R. Civ. Pro. 55(a), but the court deferred entry of a judgment against him pending discovery. In an order entered on July 31, 2008, the District Court granted DeClerico’s and Carpino’s motions to dismiss, reasoning that the deprivation of D’Alfonso’s property without a warrant took place before the indictment. Thus, the statute of limitations for the action expired no later than May 4, 2006, two years after he pleaded guilty and well before his civil rights action was filed. See Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (state statute of limitations for torts applies to civil rights action); Bougher v. University of Pittsburgh, 882 F.2d 74, 78 (3d Cir.1989) (tort action in Pennsylvania has two-year statute of limitations.) Insofar as it appeared that defendant Ainslee had not been served, the District Court gave notice of its intent to dismiss the amended complaint as to her for failure to prosecute. D’Alfonso was directed to respond to the remaining issues in the case.
Just over a year later, in an order entered on August 10, 2009, the District Court dismissed the case as to the remaining defendants, Ms. Ainslee and Santosusso. The District Court was dissatisfied with D’Alfonso’s response concerning the remaining issues and concluded that the action against these defendants could not be maintained, see Fed. R. Civ. Pro. 12(b)(6). In addition, the court reasoned that its time-bar analysis also applied to the remaining defendants, and, with respect to the default entered against Santosusso, D’Alfonso had not taken steps to obtain a judgment, see Fed. R. Civ. Pro. 55(b).
D’Alfonso appeals. Our Clerk granted him leave to appeal informa pauperis and advised him that his appeal was subject to *607 summary dismissal under 28 U.S.C. § 1915(e)(2)(B), or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing; he has not done so.
We will dismiss the appeal as frivolous. We have jurisdiction under 28 U.S.C. § 1291. An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall dismiss the appeal at any time if the Court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). This appeal lacks an arguable basis in law, because, if D’Alfonso’s claims have already accrued, then his action is time-barred, just as the District Court concluded. If his claims have not yet accrued, because they implicate the validity of his conviction, the action is barred by Heck’s favorable termination rule. Cf. Bernitsky v. United States, 620 F.2d 948, 950 (3d Cir.1980) (court is free to affirm judgment on any basis which finds support in the record).
In Heck, the Supreme Court held that “harm caused by actions whose unlawfulness would render a conviction or sentence invalid” is not cognizable under 42 U.S.C. § 1983, unless the conviction or sentence was “reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court’s issuance of a writ of habeas corpus.” 512 U.S. at 486-87, 114 S.Ct. 2364. See also Edwards v. Balisok, 520 U.S. 641, 645-47, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). The purpose of the requirement “is to avoid parallel litigation of probable cause and guilt,” and to prevent “the claimant from succeeding in a tort action after having been convicted in the underlying criminal prosecution, which would run counter to the judicial policy against creating two conflicting resolutions arising from the same transaction.” Gilles v. Davis, 427 F.3d 197, 209 (3d Cir.2005).
In Gibson v. Superintendent, N.J. Dep’t of Law and Public Safety, 411 F.3d 427 (3d Cir.2005), we addressed whether Heck applied to Fourth Amendment claims, and we approved of a fact-based inquiry into whether the particular claim implied the invalidity of the underlying conviction. Id. at 450 (“Heck does not set forth a categorical rule that all Fourth Amendment claims accrue at the time of the violation.”). Moreover, in Gibson, we held that an individual’s Equal Protection claim that law enforcement personnel engaged in racially selective law enforcement practices did not begin to run until his conviction had been vacated. Id. at 440-41.
D’Alfonso’s Fourth Amendment and due process claims pertain to the deprivation of his property, specifically Tech-Vest’s records, jewelry and money. His Equal Protection claim pertains to a selective prosecution. It thus may be, as the moving defendants noted, that D’Alfonso’s claims concerning the warrantless removal of his property, and the selective enforcement against him of state securities laws, would, if successful, have the effect of rendering his criminal convictions invalid. Id. at 451,[1] Since his conviction and sentence have never been reversed, expunged or declared invalid by any court, any claim that would imply the invalidity of his un *608 derlying conviction has not accrued and will not accrue until his conviction has been overturned. See Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir.1998) (although state law sets the applicable limitations period, federal law dictates when the action accrues).
In this scenario, D’AJfonso’s civil rights action is barred as premature, rather than barred as having been filed too late, and the dismissal of his amended complaint is on the basis that the claims are not cognizable. Heck, 512 U.S. at 486-87, 114 S.Ct. 2364. However, because of doctrines like independent source, inevitable discovery, and harmless error, not all Fourth Amendment claims, if successful, would imply the invalidity of a conviction. Id. at 487 n. 7, 114 S.Ct. 2364. To the extent that D’Alfonso’s claims accrued pri- or to his guilty plea, the District Court properly applied the governing law in concluding that his federal constitutional causes of action were barred by the two-year statute of limitation applicable to torts. See 42 Pa. Cons.Stat. Ann. § 5524 (West 2004). An action brought under 42 U.S.C. § 1983 is subject to the state statute of limitations governing personal injury actions. Wilson, 471 U.S. at 276-278, 105 S.Ct. 1938.
For the foregoing reasons, we will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

. With respect to the Fourth Amendment and due process claims, D'Alfonso appeared to allege that the defendants deprived him of material, exculpatory evidence. See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).